UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAINEY WALLACE** | : | **CIVIL ACTION NO. 2:12-cv-2745** |
| **VS.** | : | **JUDGE MINALDI** |
| **THE GEO GROUP., INC. ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is the motion to compel [doc. 18] filed by plaintiff Rainey Wallace (hereafter, "Wallace"). Wallace alleges incomplete discovery responses by the following defendants: The GEO Group, Inc. (hereafter, "GEO"); Lieutenant Travis Weldon (hereafter "Lt. Weldon"); Lieutenant Brandon Loftin (hereafter, "Loftin"); Sergeant Joshua Manuel (hereafter, "Manuel"); and Sergeant Trekuisek Lawrence (hereafter, "Lawrence") (hereafter, collectively, "defendants"). *Id.* Defendants respond that their discovery responses were appropriate and that their objections are valid. *See* doc. 28; doc. 30.

For the following reasons, IT IS ORDERED that Wallace's motion to compel [doc. 18] is hereby DENIED.

**I. BACKGROUND**

This matter concerns events occurring while Wallace was an inmate at the Allen Correctional Center, a Louisiana-owned prison operated by GEO. Doc. 18, att. 2, p. 1. Wallace alleges that on July 10, 2007, he was held down and beaten by several GEO employees while his hands were cuffed behind his back. *Id.*

Wallace submitted two requests for administrative remedy procedure ("ARP") regarding the incident. Doc. 18, att. 4, p. 1. GEO received the ARPs on July 12, 2007. Captain Terry

Langley (hereafter, "Langley") conducted an investigation and wrote a report. Doc. 18, att. 4, p. 1; *see also* doc. 28, pp. 1–3.

On July 13, 2007, Wallace withdrew one of his ARPs, noting that he was satisfied with his remedy. *Id.*; *see also* doc. 18, att. 8, p. 3. His other ARP was later denied as duplicative. Doc. 18, att. 4, p. 1. Wallace alleges that Langley coerced him into withdrawing the ARP, [doc. 18, att. 2, p. 8], but Langley denies this allegation. Doc. 18, att. 4, p. 1.

On June 24, 2008, Wallace sued defendants in the 33rd Judicial District Court in and for Allen Parish, Louisiana. Doc. 18, att. 2, p. 1. Wallace's petition argued that defendants used excessive force against him in violation of his Eighth-Amendment rights. Doc. 1, att. 1, p. 2. Therefore, Wallace argued that defendants were liable to him under 42 U.S.C. § 1983 and Louisiana tort law. *Id.* pp. 1–2. The case was eventually removed to this court.

Wallace propounded discovery to defendants on several occasions in both state and federal court. *See generally* doc. 18, att. 3. Wallace here seeks an order compelling defendants to fully answer that discovery. Wallace focuses on the following areas in which he claims defendants improperly objected to his discovery requests: (A) GEO's contention that Langley's Report is privileged; (B) Lawrence's responses to Wallace's request for admissions; and (C) GEO, Weldon, and Manuel's objection to Wallace's contention interrogatories.

## II. LAW & ANALYSIS

The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. Fed. R. Civ. Proc. 37(a) (2013). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or persons failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

Materials and information are discoverable if they are non-privileged and "relevant to any party's claim or defense" or if they appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (2013). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have boundaries, *Hickman v. Taylor,* 329 U.S. 495, 507 (1947), and it is well established that the scope of discovery is within the sound discretion of the trial court. *Burns v Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir. 1973).

Considering the above standard, each of Wallace's arguments will be addressed in turn.

### A. GEO's Privilege Claim

Wallace's initial discovery to GEO requested copies of any documents generated by GEO as a result of their investigation of the incident at issue. Doc. 18, att. 3, pp. 1–2. GEO produced copies of Wallace's administrative and medical records. *Id.* However, GEO objected to production of Langley's report on the grounds that it was prepared in anticipation of litigation and "exempted from discovery by La. R.S. 15:1176 and Louisiana Administrative Code 22:I325." *Id.* After the case was removed to this court, Wallace requested documents related to GEO's investigation a second time. Doc. 18, att. 3, pp. 3–5. GEO again refused, stating the same objections. *Id.*

Both the Federal and Louisiana rules of civil procedure shield from discovery documents prepared in anticipation of litigation unless the party seeking such documents demonstrates: (a) that the party has a substantial need for such documents in preparing its case; or (b) that the party will suffer undue hardship or injustice if the documents are not produced. *See* Fed. R. Civ. Proc. 26(b)(3); La. Code. Civ. Proc. art. 1424 (A). When a party withholds privileged documents, that

party must expressly make the claim and describe the nature of the documents withheld in a manner that will allow other parties to evaluate the privilege claim. *See* Fed. R. Civ. P. 26(b)(5); La. Code Civ. Proc. art 1424(B). Furthermore, Louisiana statutory law specifically protects documents prepared in response to a prisoner's administrative remedy request. *See* La. R.S. § 15:1176; La. Adm. Code tit. 22, pt. I., § 325(J)(7)(a).

Based on the above, GEO continues to maintain that Langley's report and its supporting documentation are clearly work-product privileged and statutorily protected. Doc. 28, p. 3, n. 1. Wallace argues that, because his initial ARP was withdrawn, Langley's report was not prepared in response to an ARP and must therefore be produced. We disagree. Langley prepared his report once he received Wallace's ARP. That the ARP was later withdrawn does not change the fact that the report was prepared in response to an ARP as contemplated by the statute. Under the plain language of La. R.S. § 15:1176, Langley's report and its supporting documentation are protected from discovery.

Wallace further argues that, pursuant to the holding in *Pope v. State*, 792 So. 2d 713 (La. 2001), the statutory protection is inapplicable in tort actions. Doc. 18, att. 2, pp. 9–10. This argument is incorrect.

In *Pope* the plaintiff successfully challenged the constitutionality of the ARP as it existed at that time. Specifically the Louisiana Supreme Court found that provisions of the ARP requiring tort and other actions against the Louisiana Department of Corrections be raised through an administrative procedure with only limited review by Louisiana district courts violated a Louisiana constitutional provision that vested in the district courts original district over all civil and criminal cases except those specifically provided otherwise by the constitution itself. *Pope* had nothing at all to do with issues of discovery or whether and to what extent a

report prepared in response to a complaint by a prisoner might be considered privileged and not subject to production.[1]

Wallace finally argues that GEO failed to fully describe the withheld documents in such a way that he may assess GEO's privilege claim. Doc. 18, att. 2, p. 12. We are satisfied that GEO has adequately described Langley's report and its supporting documentation in its response to the instant motion. Doc. 28, p. 3 at n.1.

For the foregoing reasons, Wallace's motion to compel production of the Langley report is DENIED.

## B. Lawrence's Denial of Request for Admission No. 2

Wallace argues that there is an inconsistency between: (A) the response to request for admission number two by Lawrence; and (B) the response to interrogatory number eight by GEO, Weldon, and Manuel. Doc. 18, att. 2, pp. 3–4.

In response to request for admission number two, Lawrence denied that she was "disciplined, censored, requested to resign or quit [her] job because of [her] involvement in the matter investigated." *Id.* The response to interrogatory number eight by GEO, Weldon, and Manuel indicated that Lawrence resigned prior to the imposition of any sanctions against her. *Id.* at 4. Wallace argues that the answers are inconsistent.

Counsel for Lawrence argues that the instant motion improperly seeks an order compelling Lawrence to change her answer. Doc. 30, p. 2. We agree. Wallace made a request for admission that Lawrence denied. Even assuming responses to other discovery controverts the denial of the request for admission there is no relief to be had from that circumstance through a Motion to Compel

---

[1] Act 89 of 2002 substantially amended the provisions of La. R.S. 15:1171, et seq., in order to cure the constitutional problems identified in *Pope*.

Accordingly, Wallace's motion to compel is DENIED insofar as it seeks an order compelling Lawrence to change her answer.

### C. Objections to Wallace's Contention Interrogatories

In June of 2013 GEO, Weldon, and Manuel objected to Wallace's contention interrogatories as premature. Doc. 18, att. 3, pp. 6–7. The objections suggested that the appropriate time to respond would be upon completion of discovery. *Id.* Wallace notes that the case has been ongoing for some time and trial is approaching. Doc. 18, att. 2, p. 13. While this motion was under consideration that trial date has been continued and a scheduling conference is set for a new trial date to be selected. Doc. 49.

Under Rule 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Id.* Insofar as the trial date has been continued and it appears as though discovery is incomplete, the motion will be DENIED at this time.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to compel, [doc. 18] is hereby DENIED.

THUS DONE this 10th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE