UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAINEY WALLACE** | * | CIVIL ACTION NO. 2:12-CV-2745 |
| **Plaintiff** | * | |
| V. | * | JUDGE MINALDI |
| **THE GEO GROUP, INC., ET AL** | * | |
| **Defendants** | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Partial Dismissal [Doc. 16], filed by the defendant, The Geo Group, Inc. (GEO). Rainey Wallace (plaintiff) filed a Memorandum in Opposition [Doc. 32], to which GEO has filed a Reply [Doc. 41]. For the reasons set forth below, GEO's Motion is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

The plaintiff is a prisoner of the state of Louisiana who, at all times relevant for this action, was incarcerated as an inmate in Allen Parish Correctional Center in Kinder, Louisiana.[1] GEO is a Florida corporation that operates the Allen Parish Correctional Center pursuant to a contractual agreement with the Louisiana Department of Public Safety and Correction.[2]

The plaintiff alleges in his initial state court petition that, on July 10, 2007,[3] he was held and beaten by the defendants—employees of GEO group who work at Allen Parish Correctional

---

[1] Pet. [Doc. 1-1], at 1.
[2] *Id.* at ¶¶ 3-4.
[3] Pl.'s First Amending Compl. [Doc. 12 in case no. 2:08-cv-1030], at ¶ 4. This matter was previously removed to federal court by the defendants. *See* Not. of Removal [Doc. 1, in case no. 2:08-cv-01030]. However, in March of 2009, the plaintiff sought and the court granted leave of court to amend the complaint to remove any allegations brought pursuant to federal law. *See* Order [Doc. 16, in case no 2:08-cv-01030]. It is these claims that the plaintiff now seeks to assert.

1

Center.[4] The plaintiff alleges that several of the defendants either had their employment terminated or were disciplined by GEO as a result of this incident.[5]

The plaintiff originally filed suit in the Thirty-Third Judicial District Court for Allen Parish seeking both compensatory and punitive damages as well as attorney's fees, and alleging a violation of the prohibition on cruel and unusual punishment under the Eighth Amendment to the United States Constitution.[6] The plaintiff now sues GEO under a theory of respondeat superior, and for failure to properly train its employees.[7] The case was removed to federal court under this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[8]

On July 18, 2013, GEO filed the Motion for Partial Dismissal [Doc. 16] that is presently before the court, seeking the dismissal of the plaintiff's 42 U.S.C. § 1983 claims, as well as the claims for punitive damages and attorney's fees.[9] GEO argues that the plaintiff has failed to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[10] GEO asserts first that claims grounded in a theory of respondeat superior are not cognizable under 42 U.S.C. § 1983, and secondly that the plaintiff's "conclusory" allegation that GEO improperly trains its employees is insufficient to state a cause of action under 42 U.S.C. § 1983.[11]

## LAW AND ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted shall be granted where the complaint fails to state a legally cognizable claim. *See* FED.

---

[4] These include Lieutenant Travis Weldon, Lieutenant Brandon Lofton, Sargeant Joshua Manuel, and Sargeant Trekuisek Lawrence, all of whom were sued in their individual and official capacities. Pet. [Doc. 1-1], at ¶ 3.
[5] *Id.* at ¶ 5.
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶ 8.
[8] Not. of Removal [Doc. 1].
[9] Mot. for Partial Dismissal [Doc. 16], at 2.
[10] Mot. for Partial Dismissal [Doc. 16], at 1-2.
[11] Memo. in Supp. [Doc. 16-1], at 2.

2

R. CIV. PRO. 12(b)(6); *Marceaux v. Lafayette Consol. Gov't*, 921 F. Supp. 2d 605, 620 (W.D. 2012) (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). To survive a 12(b)(6) motion, a complaint must allege sufficient facts such that it states a claim that it is plausible on its face. *O'Dwyer v. Nelson*, 310 Fed. Appx. 741, 743 (5th Cir. 2009) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Facial plausibility is present "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Marceaux*, 921 F. Supp. 2d at 621 (*citing Ashcroft*, 129 S. Ct. at 1950). While detailed allegations are not required, a complaint must contain allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In assessing a motion to dismiss, all well-pleaded facts are accepted as true, and those facts are viewed in a light most favorable to the plaintiff. *Whitley v. Hanna*, 726 F.3d 631 637 (5th Cir. 2013) (*citing Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted)).

GEO argues that, as the doctrine of respondeat superior is of no moment in suits predicated on 42 U.S.C. § 1983, the plaintiff has failed to state a legally cognizable claim in this regard. Further, GEO asserts that the plaintiff's allegations as to GEO's failure to train its employees are insufficiently supported by factual allegations. Rather, GEO argues, the plaintiff merely speculates that the training is insufficient, "and a single, conclusory allegation is insufficient to withstand a motion to dismiss."[12]

---

[12] Mot. for Partial Dismissal [Doc. 16-1], at 3.

The plaintiff's Opposition [Doc. 32] points to the plaintiff's recently filed Amending and Supplemental Petition [Doc. 43], stating that the amended pleading itself opposes GEO's Motion in that the amended pleading and "the supporting exhibits clearly show Plaintiff's claims are not just based on Respondeat Superior[,] and allegations made therein ... are supported by exhibits that contain sufficient material to prove that GEO negligently failed to properly test and train its employees."[13] GEO's Reply [Doc. 41] focused almost exclusively on the fact that, as the plaintiff's Motion for Leave to File Amending and Supplemental Petition [Doc. 22] had not yet been granted at the time of the filing of GEO's Reply, that the matters set forth therein could not properly be considered in ruling on the instant Motion. As the plaintiff's Motion to Amend has since been granted,[14] this argument is moot.

42 U.S.C. § 1983 provides a private cause of action where a person acting under color of state law deprives another of his or her rights in violation of federal law. *See* 42 U.S.C. § 1983; *Marceaux*, 921 F. Supp. 2d at 621 (citations omitted). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley*, 726 F.3d at 638 (citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (additional citation omitted)). Fifth Circuit law holds that "private prison management corporations and their employees act under color of state law, and therefore, may be sued under § 1983 by a prisoner who has suffered a constitutional injury." *Lee v. Copes*, No. 03-1548, 2004 U.S. Dist. LEXIS 31872, at *7 (W.D. La. Aug. 19, 2004) (*citing Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003)). This is predicated on the rationale that these corporations carry out duties and functions traditionally provided by

---

[13] Memo. in Opp. [Doc. 32], at 1.
[14] *See* Memo. Order [Doc. 42].

4

municipalities, and, as such, they "are subject to the principles governing municipality liability under § 1983." *Id.* (*citing Williams v. Owens*, 937 F.2d 609 (6th Cir. 1991); *Gabriel v. Corr. Corp. of America*, 211 F. Supp. 2d 132, 137-38 (D.D.C. 2002)).

The law is clear that 42 U.S.C. § 1983 is an inappropriate vehicle for asserting an action based solely upon a theory of vicarious liability, or respondeat superior. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Thus an employer will not be held liable under § 1983 [for the acts of its employees] unless the allegedly unconstitutional act constitutes a governmental 'policy' or 'custom.'" *Lee*, 2004 U.S. Dist. LEXIS 31872 at *7 (*citing Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988), *cert. denied*, 489 U.S. 1068 (1989)).

The plaintiff herein alleges that GEO has failed to "properly screen and train its employees which has resulted in use of excessive physical force not for reasons of self-defense or restoring control that have caused physical and emotional injuries to inmates including Plaintiff."[15] He also alleges that this failure has led to a custom or policy "which [has] caused and continue[s] to subject inmates to deprivation of federally protected constitutional rights including utilization of Administrative Code Title 22, I § 325, Corrections, Criminal Justice and Law Enforcement (La. Admin. Code, § 325)."[16] He sets forth specific allegations detailing GEO's alleged attempts to dissuade the plaintiff from pursuing administrative remedies by placing the plaintiff in solitary confinement under the guise of punishing the plaintiff for alleged violations of prison rules that were later dismissed as baseless.[17]

---

[15] Amending and Supplemental Pet. [Doc. 43], at 1.
[16] *Id.* This section of the administrative code deals specifically with an inmate's administrative remedies (which are prerequisites to any inmate's filing of suit in state or federal court) in instances where an inmate complains of personal injury. *See* LA. ADMIN. CODE tit. 22, § 325 (2013); *see also Wallace v. Geo Group, Inc.*, 84 So. 3d 750, 753-55 (La. Ct. App. 2012) (explaining the administrative remedy procedure).
[17] *Id.* at 2.

Additionally, the Fifth Circuit has stated that, "in considering a Rule 12(b)(6) motion, [the court] look[s] at both 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'" *Morgan v. Swanson*, 659 F.3d 359, 365 n.6 (5th Cir. 2011) (*quoting Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). To the plaintiff's complaint, the plaintiff has attached a declaration of the plaintiff's personal knowledge and experiences with GEO staff, including a recounting of a recent encounter wherein he alleges he and his cell mate were attacked with pepper spray without provocation.[18] He has also attached a declaration from a former employee who worked at the Allen Parish Correctional Center. This declaration speaks specifically to the lack of training at the facility, as well as the widespread practice of prisoner intimidation and coercion as a means to prevent prisoners' use of the administrative remedies available to them.[19] These submissions are arguably evidence of a policy or custom that would tend to bolster the plaintiff's claims under a failure to train theory.

In *Lee*, the plaintiff alleged that the defendant, a policymaking prison official who contracted with the state, violated the plaintiff's constitutional rights through "maintenance of a custom, practice and policy of not providing adequate health care and attention for inmates." *Lee*, 2004 U.S. Dist. LEXIS 31872, at * 9. The petition in *Lee* contained allegations of unprovoked beatings at the hands of prison guards, as well as improperly trained guards and nurses, and the allegation that this failure to train led to the death of the decedent, the plaintiff's son. *Id.* In ultimately denying the defendant's 12(b)(6) motion, the court stated that the

> [p]laintiff [had] sufficiently pled that [the defendant] . . . allowed constitutional violations of his staff to continue and allowed policies to be implemented that violated [the decedent's] rights. Although discovery may show that [the defendant] was not the policymaker or otherwise "clothed with authority" to avoid the conditions complained of by [the] plaintiff thereby precluding liability on his part in this case, the purpose of the pending motion to dismiss is to

---

[18] Decl. of Rainey Wallace Pursuant to 28 U.S.C. § 1746 [Doc. 43-1].
[19] Decl. of Dana Thomas Pursuant to 28 U.S.C. § 1746 [Doc. 43-2], at 1-2.

determine whether plaintiff can prove any set of facts in support of [her] claim that would entitle her to relief.

*Id.* at *11-12.

Here, taking the plaintiff's allegations as true, it seems plausible that the plaintiff could prove a set of facts in support of his claim that would entitle him to relief. The plaintiff has alleged violations of his rights under the Eighth Amendment to the United States Constitution. He has alleged that those violations were carried out by actors under color of state law, and pursuant to customs or policies promulgated by GEO to which GEO's employees adhered. He has further attached supporting documentation to his pleading which bolsters his claims. The court finds that the plaintiff has stated a legally cognizable claim sufficient to survive a motion to dismiss.

GEO has also requested that the plaintiff's claims for attorney's fees and punitive damages be dismissed.[20] GEO argues that the plaintiff's claims under Louisiana law will not entitle him to either the recovery of punitive damages or attorney's fees, even if the plaintiff ultimately prevails.[21] However, as discussed above, the plaintiff has successfully pleaded an action under 42 U.S.C. § 1983, and, in such an action, the "full range of common law remedies is available" to such a plaintiff. *Carter v. Wilkinson*, No. 1:06-cv-02150, 2010 U.S. Dist. LEXIS 134503, at *19 (W.D. La. Dec. 9, 2010) (*citing Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986)). "A Court may award nominal, compensatory, and punitive damages, plus costs and interests. A prevailing § 1983 plaintiff may also collect attorney's fees, though such fees in inmate litigation are separately governed and limited by the Prison Litigation Reform Act (PLRA)." *Id.* In *Carter*, for instance, in an action under 42 U.S.C. § 1983, the court awarded $2,000.00 in punitive damages to the plaintiff, who was incarcerated at Winn Correctional

---

[20] Mot. for Partial Dismissal [Doc. 16], at 2.
[21] *Id.*

7

Center at the time, where the defendant was found to have "used excessive force in attacking and choking Plaintiff, causing him various physical and mental injuries, including a knot on the head, bruising, headaches, and pain." *Id.* at *27.[22]

Applying these principles to the instant case, it would be inappropriate to dismiss the plaintiff's claims for punitive damages and attorney's fees at this time.

**IT IS ORDERED** that GEO's Motion for Partial Dismissal [Doc. 16] be and hereby is **DENIED**.

Lake Charles, Louisiana, this 13 day of December, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[22] In carefully arriving at this sum, it was noted by the court that the officer in question immediately reported the incident, and had acknowledged his fault ever since the incident, but had not otherwise been punished except for a transfer to a section of the prison away from the inmate population. *Carter*, 2010 U.S. Dist. LEXIS 134503, at *24-25.