RECEIVED
IN LAKE CHARLES, LA.

MAR 19 2014

TONY R. MOORE, CLERK
BY_____PHF
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAINEY WALLACE** | * | CIVIL ACTION NO. 2:12-CV-2745 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| **THE GEO GROUP, INC., ET AL** | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the plaintiff's Motion for Summary Judgment on the Issue of Liability [Doc. 36], to which the defendants, The G.E.O. Group, Inc. (G.E.O.), Travis Weldon, and Randall Manuel have filed an Opposition [Doc. 39]. Trekuisek Lawrence and Brandon Loftin, also defendants herein, have also filed an Opposition [Doc. 44]. For the following reasons, the plaintiff's Motion [Doc. 36] is hereby **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

At the time of the allegations set forth in the complaint, the plaintiff was an inmate incarcerated at Allen Parish Correctional Center in Kinder, Louisiana.[1] G.E.O., a Florida corporation, operates the facility, and all other defendants were employees of G.E.O. at the time of the alleged incident.[2]

The plaintiff alleges that on July 10, 2007, he was beaten by Loftin, Lawrence, Manuel, and Weldon, while handcuffed.[3] The plaintiff alleges that Loftin and Manuel were subsequently suspended without pay during G.E.O.'s investigation into the incident, and that Lawrence and

---

[1] Pet. [Doc. 1-1], at 1.
[2] Memo. Ruling [Doc. 52], at 1-2.
[3] Statement of Material Facts [Doc. 36-1], at ¶1.

Loftin resigned shortly thereafter.[4] The plaintiff alleges that he attempted several administrative remedy procedures (ARPs), as a result of which he received threats of violence from prison employees as well as the imposition of disciplinary proceedings and measures which were subsequently expunged as baseless.[5] The plaintiff also alleges that the dismissal by G.E.O. of at least one of his ARPs was reversed by the Louisiana Fifth Circuit Court of Appeal on the basis of G.E.O.'s having failed to inform the plaintiff of the procedure necessary to properly submit an ARP.[6] Essentially, the plaintiff alleges that G.E.O. is liable for the failure to train and properly screen its employees in a manner that has resulted in "an accepted pattern of continuing improper use of malicious excessive force causing injuries to many inmates including recent injuries to [the] Plaintiff."[7]

In their Opposition [Doc. 39], G.E.O., Weldon, and Manuel (G.E.O. defendants) allege that the incident in question began when the plaintiff was discovered masturbating by Sergeant Lawrence, in violation of the prison disciplinary rules.[8] Lawrence ordered the plaintiff to exit the area, and Weldon escorted the plaintiff to the cell block.[9] At this point, the G.E.O. defendants allege that Loftin approached and slapped the plaintiff.[10] Shortly thereafter, according to the G.E.O. defendants, the plaintiff was taken to an office to receive a disciplinary report, which resulted in a "heated discussion" between Lawrence and the plaintiff, and "Sergeant Lawrence exerted some physical contact upon [the plaintiff], slapping [him]."[11] The G.E.O. defendants then allege that the plaintiff made "an aggressive move" toward Lawrence, "and other corrections officers, including Sergeant Manuel, intervened, restraining [the plaintiff]

---

[4] *Id.* at ¶ 2.
[5] *Id.* at ¶¶ 3-4.
[6] Am. and Supplemental Pet. [Doc. 22-3], at ¶ 8c.
[7] *Id.* at ¶ 8d.
[8] Memo. in Opp. [Doc. 39], at 1.
[9] *Id.* at 1-2.
[10] *Id.* at 2.
[11] *Id.* (citation omitted).

2

and Sergeant Lawrence."[12] In the Opposition [Doc. 44] submitted by Lawrence and Loftin (the non-G.E.O. defendants), the non-G.E.O. defendants "have denied exerting any force, and certainly denied exerting undue force."[13]

## LAW & ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). "A fact is 'material' if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case." *Lanphier v. Madison Parish Sheriff*, No. 10-1074, 2012 U.S. Dist. LEXIS 93915, at *9 (W.D. La. Apr. 9, 2012) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" when "the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party." *Id.* (citation omitted).

The initial burden rests with the moving party to show that it is entitled to judgment by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Hampton v. Brown*, No. 10-1926, 2012 U.S. Dist. LEXIS 59311, at *3 (W.D. La. Mar. 5, 2012) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). This may be accomplished by the moving party by demonstrating that the record "contains no support for the non-moving party's claim." *Id.* at *4 (*citing Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)). Summary judgment will thereafter be appropriate if the "non-movant is unable to identify anything in the record to support its claim."

---

[12] *Id.*
[13] Memo. in Opp. [Doc. 44], at 4.

3

*Id.* (citation omitted). All disputed matters of fact are to be viewed in a light most favorable to the non-moving party. *See, e.g., Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The plaintiff filed the instant suit pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.[14] 42 U.S.C. § 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

> In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.

*Terry v. Leblanc*, No. 11-cv-112, 2011 U.S. Dist. LEXIS 132450, at *6 (W.D. La. Oct. 4, 2011) (*citing Hessbrook v. Lennon*, 777 F.3d 999, 1005 (5th Cir. 1985)). As noted in the court's prior Memorandum Ruling [Doc. 52], "private prison management corporations and their employees act under color of state law, and therefore, may be sued under § 1983 by a prisoner who has suffered a constitutional injury." *Lee v. Copes*, No. 03-1548, 2004 U.S. Dist. LEXIS 31872, at *7 (W.D. La. Aug., 19, 2004) (*citing Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003)).

To support a finding of liability for failure to train or supervise under 42 U.S.C. § 1983, a plaintiff must demonstrate that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th

---

[14] *See* Pet. [Doc. 1-1], at ¶ 1. *See generally* Am. and Supplemental Pet. [Doc. 22-3].

Cir. 2009) (*citing Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). The establishment of deliberate indifference is accomplished where the plaintiff shows "a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.* (*citing Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)).

"To prevail on an [E]ighth [A]mendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (*citing Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In *Eason*, for instance, the Fifth Circuit reversed the district court's dismissal of the plaintiff-prisoner's excessive force claim under 42 U.S.C. § 1983 where the plaintiff alleged that he was, without provocation, pushed to the ground by several officers, handcuffed, beaten, and sustained injuries as a result. *Eason*, 73 F.3d at 601. While the injury in question must be "more than de minimis[,] . . . there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Harris v. Smith*, No. 3:10-cv-00367, 2011 U.S. Dist. LEXIS 56684, at *11 (M.D. La. May 3, 2011) (*citing Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999)).

> Several factors are relevant to the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's [E]ighth [A]mendment right to be free from cruel and unusual punishment. These include:
> 1. The extent of the injury suffered;
> 2. The need for the application of force;
> 3. The relationship between the need and the amount of force used;
> 4. The threat reasonably perceived by the responsible officials; and
> 5. Any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (*citing Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992) (additional citations omitted)).

The plaintiff here has alleged that he was beaten by multiple defendants, and that that beating resulted in "cuts, bruises and abrasions to his body" including a head injury and loss of vision and hearing.[15] The defendants have submitted the affidavit of the Allen Correctional Center physician, Dr. Gehrig Harris, alleging that the plaintiff is fabricating or exaggerating his injuries.[16]

The plaintiff has submitted affidavit evidence attesting to the lack of training being provided to the personnel at Allen parish Correctional Center.[17] In said affidavit, former G.E.O. employee, Dana Thomas, states, among other things, that G.E.O. employees systematically coerce inmates into dropping ARPs through intimidation, and that her training included instruction by more senior employees that "getting physical with an inmate for any reason" was considered "acceptable behavior."[18] In response, the defendants have submitted evidence attacking the credibility of Dana Thomas, asserting that Ms. Thomas' employment with G.E.O. was terminated because of an inappropriate relationship with the plaintiff.[19]

The non-G.E.O. defendants have denied using *any* force.[20] However, the G.E.O. defendants allege at the very least that Loftin, one of the non-G.E.O. defendants, "slapped [the plaintiff] on the back of the head."[21]

"Credibility determinations have no place in summary judgment proceedings." *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994) (citations omitted). Here, there is a litany of genuine disputes of material fact that would preclude a grant of summary judgment. For instance, there is an ongoing dispute over what kind of training G.E.O. personnel underwent;

---

[15] Pet. [Doc. 1-1], at ¶ 6.
[16] *See* Aff. of Dr. Gehrig Harris [Doc. 39-4].
[17] *See generally* Decl. of Dana Thomas Pursuant to 28 U.S.C. § 1746 [Doc. 36-3].
[18] *Id.* at ¶¶ 4, 7-8.
[19] *See* Memo. in Opp. [Doc. 39], at 6 n.5; *see also* Depo. of Dana Thomas, Nov. 12, 2013 [Doc. 39-6].
[20] Memo. in Opp. [Doc. 44], at 4.
[21] Memo. in Opp. [Doc. 39], at 2.

6

the extent of the plaintiff's injuries, if any; whether the plaintiff provoked the encounter in question; and whether G.E.O. personnel used intimidation to discourage inmates from filing ARPs. There are also open questions pertaining to whether Ms. Thomas is a credible witness, given her alleged relationship with the plaintiff. Also, applying the factors set forth by the Fifth Circuit, there remains a genuine issue of material fact as to whether the G.E.O. employees reasonably perceived the plaintiff as a threat in the moments leading to the altercation. Under the circumstances, the court has no choice but to deny the plaintiff's Motion. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Summary Judgment on the Issue of Liability [Doc. 36] be and hereby is **DENIED**.

Lake Charles, Louisiana, this 19th day of March, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE